# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CITY OF FRESNO,

Plaintiff,

v.

3M COMPANY, et al.,

Defendants.

Case No. 1:25-cv-02057-FRS

ORDER GRANTING MOTION TO STAY AND STAYING THIS MATTER

(ECF No. 16)

On January 13, 2026, Defendant 3M Company ("3M") filed a motion to stay this matter pending a final decision from the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this matter to In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation (MDL No. 2873) (ECF No. 16.)  Concurrently with the motion, 3M filed an *ex parte* application to shorten time regarding the briefing schedule of the motion.  (Id.)  On January 14, 2026, the Court granted the application and set a due date for an opposition or non-opposition by January 20, 2026.  (ECF No. 19.)  That date has passed, and no other party has filed an opposition.  Accordingly, the Court takes the matter under submission, noting that no other party file opposition to the stay.

In the motion, as relevant here, 3M notes that on January 7, 2026, the Clerk of the JPML issued a Conditional Transfer Order, concluding that "[i]t appears that [this action] involve[s] questions of fact that are common to the actions previously transferred" to the MDL.  (ECF No. 16-1, p. 3, citing Exh. A, Conditional Transfer Order (CTO-295), U.S. JPML (MDL No. 2873),

ECF No. 16-1 p. 13.)[1]  In light of this, 3M moves the Court for a temporary stay, pending the JPML's final decision on transfer—which is expected no later than early April 2026 because the JPML's current session will end on March 26, 2026.  (ECF No. 16-1, p. 3.)

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997), citing Landis v. North America Co., 299 U.S. 248, 254 (1936).  A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken v. Holder, 556 U.S. 418, 433-34 (2009).  "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). Instead, district courts should "balance the length of any stay against the strength of the justification given for it."  Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (discussing that if a stay is especially long or its term is indefinite, a greater showing is required to justify it).

In deciding whether to stay a case pending transfer, courts "balance the competing interests of the moving and nonmoving parties[,]" in addition to considering judicial economy. Conner v. AT&T, No. CV F 06-0632 AWI DLB, 2006 WL 1817094, at *3 (E.D. Cal. June 30, 2006). Applying these factors, courts "frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case."  Good v. Altria Grp., Inc., 624 F. Supp. 2d 132, 134 (D. Me. 2009); see also Royal Park Invs. SA/NV v. Bank of Am. Corp., 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) ("[W]here a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML.").  The case for a stay is especially strong where, as here, the JPML has already issued a conditional transfer order.  See La Fountaine v. McKesson Corp., No. C 13-5841 PJH, 2014 WL 12642161, at *1 (N.D. Cal. Feb. 5, 2014) (staying case following JPML's issuance of conditional transfer order in order to "prevent duplicative litigation and inconsistent rulings"); Tri-State Tint & Vinyl, LLC v. Erie Ins. Prop. & Cas. Co., No. 5:21CV-76, 2021 WL 12368835, at *1 (N.D.W. Va. May 19, 2021) ("Given the JPML's [Conditional Transfer] Order, . . . the interests of judicial economy heavily favor a stay

---

[1] For clarity, the Court cites to the CM/ECF page number stamped in the upper left-hand corner of the filings, which were grouped together.

in this case."); <u>Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. McKesson Corp.</u>, No. 18-CV-286JDP, 2018 WL 2390120, at *2 (W.D. Wis. May 25, 2018) (staying case pending JPML's decision on motion to vacate CTO); <u>Premera Blue Cross v. Change Healthcare, Inc.</u>, No. 2:25-cv-00497JNW, 2025 WL 2675770, at *2 (W.D. Wash. June 3, 2025) (same).

3M begins with a discussion regarding judicial economy, with particular regard to other cases stayed and then transferred in this MDL, which is well taken. <u>See, e.g.</u>, Transfer Order at 1-2, ECF No. 3869 (J.P.M.L. Oct. 9, 2025); Transfer Order at 2-3, ECF No. 3536 (J.P.M.L. June 2, 2025). Indeed, it is this Court's aim to ensure uniform decisions on pretrial matters in these cases and conserve judicial resources because only one court may need to make such rulings. 3M also notes that forcing this litigation to continue when the matter has already been conditionally transferred burdens all parties with initial disclosures or other motion practice, discovery, or pretrial obligations during the brief period prior to transfer—imposing costs and risks that are "greater than the approximate one to two month delay Plaintiffs will face." <u>Conner</u>, 2006 WL 1817094, at *4. Finally, 3M observes that any prejudice to Plaintiff would be minimal because courts routinely hold that short delays in proceedings pending resolution of a defendant's transfer motion. <u>See</u> <u>J.W. v. Pfizer, Inc</u>., No. 13-cv-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) (finding "no tangible harm" to the plaintiffs "from waiting a term of months" for a JPML transfer decision, and concluding that "the value of consistent rulings and efficient consideration of common issues" outweighed any benefit of proceeding pending transfer); <u>Jones v. Sanofi US Servs. Inc.</u>, No. CV 18-8268-R, 2018 WL 6842605, at *1 (C.D. Cal. Nov. 19, 2018) ("[A] stay would cause little prejudice to Plaintiffs, if any. . . . No harm should result from a brief delay while the JPML decides whether to transfer this case."); <u>see also</u> <u>Harboyan v. Johnson & Johnson Co.</u>, No. CV-17-5235-MWF (AFMx), 2017 WL 3635173, at *2 (C.D. Cal. Aug. 23, 2017); <u>Gallagher v. Boehringer Ingelheim Pharmaceuticals, Inc.</u>, No. 22-cv-10216 (LJL), 2023 WL 402191, at *9 (S.D.N.Y. Jan. 25, 2023); <u>Royal Park</u>, 941 F. Supp. 2d at 372.[2] The Court agrees with 3M in all regards.

---

[2] Even if the JPML were to deny the transfer, 3M argues that a stay through early April 2026 would still be minimal and the more prudent course of action. The Court agrees.

In light of the forgoing and the Conditional Transfer Order (ECF No. 16-1, p. 13)—along with no party filing opposition—the Court need not reinvent the wheel in concluding that a stay is warranted in this action pending the final decision from the JPML regarding transfer.  The only mater left for the Court to determine is when to terminate the stay.  Given that the JPML's session ends on March 26, 2026, the Court finds a stay to be appropriate through April 20, 2026.  At that time, the Court will require 3M to file a status report regarding the JPML's final decision regarding transferring this matter and whether an extension of the stay is warranted.  Of course, should a final decision be reached earlier, 3M may let the Court know sooner.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to stay (ECF No. 16) is GRANTED.  This matter is STAYED through **April 20, 2026**, pending the final decision of the JPML regarding whether to transfer this matter to In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation (MDL No. 2873).  On April 20, 2026, Defendant 3M Company shall file a status report regarding the final decision and, if appropriate, move for an extension of the stay.  Should the JMPL decline the transfer, the Court will reset appropriate deadlines, including setting an answer deadline and an initial scheduling conference.

In light of this ruling, the Court need not address certain Defendants' stipulations to extend answer deadlines as they are MOOT in light of the stay.  (ECF Nos. 21, 22, 26, 28.) Additionally, the Court DIRECTS the Clerk to terminate ECF No. 15 as MOOT.

IT IS SO ORDERED.

Dated:    **January 23, 2026**    

_____
STANLEY A. BOONE
United States Magistrate Judge

4