Charlotte M. Konczal, Esq. (SBN 212832)
Amanda B. Mack, Esq. (SBN 292622)
RESNICK & LOUIS, P.C.
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 587-5224
Facsimile: (714) 709-4400
Email:  ckonczal@rlattorneys.com
amack@rlattorneys.com

Attorneys for Defendant, HUNTER CHEMICAL, LLC

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO, | CASE NO.: 1:25-cv-02057-BAM |
| Plaintiff, | **DEFENDANT HUNTER CHEMICAL, LLC'S ANSWER TO COMPLAINT** |
| vs. | Complaint Filed: 11/03/25 |
| 3M COMPANY; A BRITE COMPANY, INC.; ASTERION, LLC; ATOTECH USA, LLC; B&T CUSTOM POLISHING; BENCHMARK PRODUCTS, INC.; BLAST TECH BECAUSE RUST NEVER SLEEPS; CALIFORNIA CHROME, LLC; CALIFORNIA NATURAL COLOR; CHEMITHON SURFACE FINISHING, INC.; CLOVIS SPECIALTY PLATING; COMMERCIAL ELECTRO PLATING, INC.; CORTEVA, INC.; DUBOIS CHEMICALS, INC.; DUPONT DE NEMOURS, INC.; EIDP, INC.; E. I. DU PONT DE NEMOURS AND COMPANY; E. & J. GALLO WINERY; FMC CORPORATION; FRESNO CHROME PLATING, INC.; HUNTER CHEMICAL CORPORATION; HUNTER CHEMICAL, LLC; KING INDUSTRIAL HARD CHROME, INC.; MACDERMID ENTHONE INC.; MECLEC, INC.; MECLEC METAL FINISHING, INC.; MISSION LINEN SUPPLY; NEW AGE METAL FINISHING, LLC; PACIFIC COAST ANODIZING, INC.; PAVCO INC.; PLATING | |

PROCESS SYSTEMS, INC.; PROCOM, L.L.C.; RUTTER ARMEY, INC.; SANDENVENDO AMERICA, INC.; SOEX WEST TEXTILE RECYCLING USA, LLC; SURTEC, INC.; TANK CONSTRUCTION AND ENGINEERING, INC.; TARVER COATINGS, INC.; TEMPEST TECHNOLOGY CORPORATION; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; UNIVAR SOLUTIONS USA, LLC; VALLEY CHROME PLATING, INC.; VALLEY METAL FINISHING, INC.; WESTERN CHROME, LTD.; and DOES 1 through 300, inclusive,

Defendants.

**TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:** Defendant HUNTER CHEMICAL, LLC ("Defendant"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff City of Fresno.

**Defendant HUNTER CHEMICAL, LLC is the only defendant responding in this pleading. The Complaint also names HUNTER CHEMICAL CORPORATION, which Defendant is informed and believes is a separate entity that is no longer in existence, and no response is made on behalf of that entity.**

### RESPONSES TO ALLEGATIONS

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Hunter Chemical, LLC responds to the numbered allegations of the Complaint as follows:

1. **Paragraphs 1-35:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs and therefore denies them.

2. **Paragraph 36:** These allegations concern Hunter Chemical Corporation. Defendant Hunter Chemical, LLC denies that the allegations in this paragraph apply to it.

3. **Paragraph 37:** Defendant admits that it is a Pennsylvania **limited liability company** with its principal place of business in Fort Washington, Pennsylvania. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

4. **Paragraphs 38-69:** Defendant lacks knowledge or information sufficient to form a belief as

ANSWER

2

to the truth of the allegations contained in these paragraphs and therefore denies them.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant generally denies each and every allegation contained in the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

To the extent the Complaint contains allegations directed generally at "Defendants," or otherwise collectively attributes conduct to multiple defendants without identifying Defendant specifically, Defendant denies that such allegations apply to it.

Defendant further denies that it designed, manufactured, marketed, distributed, stored, sold, used, or disposed of PFAS or PFAS-containing products in a manner that caused or contributed to contamination of Plaintiff's property or the environment within the City of Fresno.

Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff and reserving the right to amend these defenses as discovery proceeds, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim upon which relief may be granted. The allegations against Defendant are generalized and conclusory and fail to identify specific conduct by Hunter that would give rise to liability under any of the legal theories asserted. Plaintiff has not pleaded facts demonstrating that Hunter engaged in conduct that caused or contributed to PFAS contamination in the City of Fresno or that would otherwise entitle Plaintiff to the relief sought

### SECOND AFFIRMATIVE DEFENSE

### Lack of Causation

Plaintiff cannot establish that any act or omission of Defendant caused or contributed to the

alleged PFAS contamination or the damages claimed in the Complaint. Defendant denies that it manufactured, sold, distributed, or otherwise introduced PFAS-containing products into the environment in a manner that caused contamination of Plaintiff's property. Because causation is an essential element of Plaintiff's claims, the absence of such proof bars recovery against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**Acts or Omissions of Third Parties**

Any alleged injury, damage, or contamination described in the Complaint was caused in whole or in part by the acts, omissions, negligence, or conduct of third parties over whom Defendant had no control. To the extent that any contamination exists, it may have resulted from the conduct of other manufacturers, distributors, industrial users, or entities involved in the handling, disposal, or release of PFAS-containing substances. Defendant cannot be held liable for the independent actions of such third parties.

**FOURTH AFFIRMATIVE DEFENSE**

**Comparative Fault/Allocation of Responsibility**

Plaintiff's claims are barred or reduced to the extent that Plaintiff and/or other responsible parties contributed to the alleged damages. Under principles of comparative fault and equitable allocation, any liability must be apportioned among all responsible parties in proportion to their respective fault. Any recovery against Defendant must therefore be reduced by the percentage of fault attributable to Plaintiff or other defendants or third parties.

**FIFTH AFFIRMATIVE DEFENSE**

**Statute of Limitations**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation. The Complaint seeks recovery for alleged contamination and conduct that may have occurred many years prior to the filing of this action. To the extent Plaintiff's claims arise from events outside the applicable statutory period, those claims are time-barred.

**SIXTH AFFIRMATIVE DEFENSE**

**Statute of Repose**

Plaintiff's claims are barred by applicable statutes of repose. To the extent the Complaint seeks

to impose liability for conduct or product distribution that occurred outside the time limits established by applicable statutes of repose, Plaintiff's claims are legally barred regardless of when Plaintiff allegedly discovered the alleged harm.

## SEVENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

Plaintiff has failed to take reasonable steps to mitigate its alleged damages, if any. To the extent that Plaintiff failed to exercise reasonable care to avoid or minimize the damages alleged in the Complaint, any recovery must be reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

### No Nuisance or Trespass by Defendant

Defendant did not create, contribute to, or maintain any nuisance or trespass affecting Plaintiff's property. Defendant denies that it released or caused the release of PFAS into soil, groundwater, surface water, or other property within the City of Fresno. Accordingly, Plaintiff cannot establish the elements necessary to support claims for nuisance or trespass against Defendant.

## NINTH AFFIRMATIVE DEFENSE

### Lack of Nexus to Alleged Contamination

Plaintiff cannot establish that Defendant manufactured, sold, distributed, or otherwise placed PFAS-containing products into the stream of commerce within the City of Fresno or otherwise caused or contributed to the contamination alleged in the Complaint. Absent evidence connecting Defendant to the alleged contamination in Fresno, Plaintiff's claims against Defendant necessarily fail.

## TENTH AFFIRMATIVE DEFENSE

### Misidentification of Defendant/Defunct Entity

The Complaint improperly names **Hunter Chemical Corporation**, which is no longer an existing entity and therefore lacks the capacity to be sued. To the extent Plaintiff seeks to impose liability on **Hunter Chemical Corporation,** such claims are improper and should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

### Improper Group Pleading

The Complaint improperly groups Defendant with numerous other defendants and asserts

generalized allegations against all defendants collectively. Plaintiff has failed to plead specific facts demonstrating what actions Defendant allegedly took that would give rise to liability. Such group pleading is insufficient to establish a plausible claim against Hunter.

## TWELFTH AFFIRMATIVE DEFENSE

### Superseding and Intervening Causes

Any alleged contamination or damages were caused by superseding or intervening acts or events that were not foreseeable to Defendant and were outside of Defendant's control. Such intervening causes break the chain of causation and relieve Defendant of liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Speculative and Uncertain Damages

Plaintiff's alleged damages are speculative, uncertain, and not recoverable. Plaintiff seeks damages and remediation costs that may not be supported by competent evidence and may be attributable to sources other than Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Environmental Contamination Caused by Other Sources

Any PFAS contamination alleged in the Complaint, if it exists, may have been caused by sources unrelated to Defendant, including other manufacturers, distributors, industrial users, waste disposal practices, environmental releases, or historical activities unrelated to Defendant's business operations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Compliance with Applicable Law

At all relevant times, Defendant complied with applicable federal, state, and local statutes, regulations, and industry standards governing the distribution and handling of chemical products. Compliance with applicable regulatory requirements weighs against the imposition of liability on Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Offset/Contribution

Any damages awarded against Defendant must be reduced by the proportionate share of fault

---

ANSWER

6

attributable to other parties and/or settling defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Unclean Hands

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Reservation of Defenses

Defendant reserves the right to assert additional defenses as they become known through investigation, discovery, or further factual development.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Hunter Chemical, LLC respectfully requests that the Court:

1. Dismiss the Complaint with prejudice as against Defendant;

2. Enter judgment in favor of Defendant and against Plaintiff on all claims asserted in the Complaint;

3. Award Defendant its costs of suit incurred herein;

4. Award Defendant attorneys' fees to the extent permitted by law;

5. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

DATED:  March 13, 2026

RESNICK & LOUIS, P.C.

By: _____
Charlotte M. Konczal, Esq.
Amanda B. Mack, Esq.
Attorneys for Defendant, HUNTER CHEMICAL

---

ANSWER

7

**CERTIFICATE OF SERVICE**

I, Malisa Claxton, hereby certify and declare as follows:

1.     I am over the age of 18 years and not a party to this action.

2.     My business address is 9891 Irvine Center Drive, Suite 200, Irvine, CA 92618.

I hereby certify that on March 13, 2026, I electronically filed ANSWER TO COMPLAINT using the CM/ECF system, which transmitted a copy of the same document to be served on all parties who have appeared and are registered users of the CM/ECF System.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this March 13, 2026.


_____
Malisa Claxton

ANSWER